■ In the Matter of the Claim of AARON H. WEINSTEIN, Respondent, v. PRINT SHOP, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and carrier from a decision of the Workmen's Compensation Board which determined that the claimant had received advance payment of salary from his employer while he was disabled and therefore, the time limitation of section 28 of the Workmen's Compensation Law did not bar the claim. We determine that the appellants are limited to the sole issue of time limitation and advance payment of compensation pursuant to section 28 of the Workmen's Compensation Law. The facts show that the claimant allegedly suffered an industrial accident on September 28, 1955. He returned to work on June 26, 1959 and on October 2, 1959 the employer corporation filed a report of a job-connected injury with the board, signed by claimant as president. On December 28, 1959 claimant, as an employee, filed a claim for benefits. The record shows that claimant received moneys from the corporation throughout the period of time he was disabled from working. There was a factual issue as to whether the claimant in his dual capacity as employer and employee was misled by the insurance carrier or whether he made an informed decision to receive disability benefits and not to submit a claim for compensation within two years from the date of the accident. (Workmen's Compensation Law, § 28.) In its memorandum the board stated, "He alleges that the claim was filed late because the carrier's representative advised him not to file it. Upon review of the record we find that the payment of wages by the employer constitutes advance payment of compensation". There were no findings to support this conclusion. The claimant-employee never testified that he would collect his wages automatically if absent from his employment and from

this record, it is difficult to accept his version of why he accepted disability benefits in lieu of compensation. There is no finding that he knew he was involved in an industrial accident. These are the minimal findings required under such circumstances. Under somewhat similar circumstances (*Matter of Alpert* v. *Tower Brand Yarn Corp.,* 16 A D 2d 193) this court set forth what findings are required of the board in such a case and which are not incorporated in this decision. Decision reversed and matter remitted to the Workmen's Compensation Board, with costs to the appellants. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.